# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROBERT LEE JONES, )
        Petitioner, )
v. ) Case No. CV415-065
CLAY TATUM, )
Warden, )
        Respondent. )

## REPORT AND RECOMMENDATION

"A Chatham County jury found Robert Lee Jones guilty of impersonating a police officer, OCGA § 16-10-23; burglary, OCGA § 16-7-1(a); and armed robbery, OCGA § 16-8-41(a)." *Jones v. State*, 315 Ga. App. 427, 427 (2012); *id.* at 434 (conviction affirmed). In preliminarily reviewing his 28 U.S.C. § 2254 petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court directed the State to confirm (if not move to dismiss based upon) key filing dates showing whether Jones

timely sought § 2254 relief.[1] Doc. 3. It now moves to dismiss, doc. 8, contending that his petition is time barred. Doc. 8.

---

[1] Under 28 U.S.C. § 2244(d)(1), Jones was required to file his § 2254 petition within one year of the date his conviction became final. *Chavez v. Sec'y, Fla. Dep't. of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014); *Smith v. Jones*, 2015 WL 521067 at * 4 (N.D. Fla. Feb. 9, 2015). That one-year clock is stopped only by the pendency of a properly filed state (direct or collateral) review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dept. of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

Finally, petitioners must be diligent in discovering reasonably discoverable, clock-resetting facts and diligent in acting upon them. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002), cited in *Reese v. United States*, 2012 WL 70680 at * 3 (S.D. Ga. Jan. 9, 2012). Reasonable, not maximum, diligence is required. *Aron*, 291 F.3d at 712. And the inquiry must take into account the movant's confinement conditions -- the "reality of the prison system." *Id.* (quotes and cite omitted).

The Georgia Court of Appeals affirmed Jones' conviction on April 6, 2012, *Jones*, 315 Ga. App. 427, so under Georgia Supreme Court Rule 38 Jones had 10 days to appeal. He did not. The one year clock thus started on April 16, 2012, so to stop it he had to file for some sort of collateral relief by April 16, 2013. Jones petitioned a state habeas court on April 2, 2012, doc. 9-1 at 1, actually jumping the gun by a few days. That court denied relief on September 13, 2012. Doc. 9-2 at 1. Because he had filed his state habeas action, he now had, per 28 U.S.C. § 2244(d)(2), until September 13, 2013 to file the next clock-stopping item.

He did. The State does not say when, but he obviously appealed to the Georgia Supreme Court, which denied relief (but not on untimeliness grounds) on April 15, 2013. Doc. 9-3 at 1. Assuming *arguendo* that Jones had consumed no days until April 15, 2013, his new one-year deadline was April 15, 2014. However, he took no further action until April 23, 2014, when he filed his second state habeas petition. Doc. 9-4 at 1. Assuming that petition was permissible in state court (*i.e.*, it was not successive)[2] and thus could stop the clock, it nevertheless was too

---

[2] In fact it was, and that court dismissed it on that ground. Doc. 9-5 at 2.

late since more than a year had passed, and Jones cannot now use § 2254 to restart an expired limitations period. *See supra* n. 1.

Evidently sensing the writing on the wall, Jones has filed a "Supplemental Habeas Corpus Petition." Doc. 10. There he alleges that his "legal materials w[ere] withheld, wrongfully, by prison officials while he was in lock-down, which delayed his ability to continue to meet critical deadlines." *Id.* at 1. He says that he even sought the help of a federal district judge. *Id.* He thus invokes "equitable tolling" and insists that he is "actually innocent." *Id.* at 1-2. Relatedly, he moves for an evidentiary hearing and for appointment of counsel. Doc. 12. Finally, he renews his factual innocence claim. *Id.* at 1-2.

One can overcome § 2244(d)'s time-bar by a showing of actual innocence, *McQuiggin v. Perkins*, \_\_ U.S. \_\_, 133 S.Ct. 1924, 1936 (2013), but that requires a *substantial* showing, and "tenable actual-innocence gateway pleas are rare." *Id.* at 1928. Hence, it must be "more likely than not that no reasonable juror would have convicted [Jones] in the light of the new evidence." *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Jones thus must "produce new, reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness

4

accounts, or critical physical evidence -- that was not presented at trial." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008) (quotes and cite omitted); *Carroll v. Price*, 2015 WL 225468 at * 5 (N.D. Ala. Jan. 16, 2015).

Petitioner plies only conclusions here, not new evidence. *Compare McQuiggin*, 133 S.Ct. at 1929 ("He relied on three affidavits, each pointing to Jones, not Perkins, as Henderson's murderer."); *Carroll*, 2015 WL 225468 at * 6 ("The affidavit of Billy Wayne Johnson proffered by petitioner does not make an adequate showing of actual innocence for purposes of the *McQuiggin* gateway."). Jones' actual innocence claim thus fails. *Grayson v. McCollum*, 594 F. App'x 556, 557 (10th Cir. 2015) ("Mr. Grayson did not present the district court with any new evidence of innocence. As a result . . . [he] failed to satisfy his burden of proving actual innocence.").

Likewise, petitioner's equitable tolling defense fails. Such tolling can be applied to prevent the application of the one-year deadline if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S.

631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Generalized claims of lockdown-caused loss of legal materials will not suffice. *Moore v. Frazier*, 2015 WL 1424198 at * 3 (11th Cir. Mar. 31, 2015) ("periods in which a prisoner is separated from his legal papers are generally not extraordinary circumstances for which equitable tolling is appropriate."); *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) ("lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").[3]

---

[3] It is simply too easy to claim that "a lockdown" occurred and imply that it consumed (and thus excuses) an entire § 2244(d) time gap. Hence, petitioners must -- under penalty of perjury -- support such a claim with particularity. *Dodd*, 365 F.3d at 1283 ("Simply put, Dodd has not shown with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation."); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) ("While for a portion of that time he was in lockdown, he had over four years before Congress adopted the . . . one-year period of limitation, at least seven months after he obtained the sentencing hearing transcript, and at least six months after the effective date of the [limitations statute]. No explanation is given as to why he could not have prepared and filed his motion before October, 1996."); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (denial of access to prisoner's legal papers was not an extraordinary circumstance); *Clemons v. Owens*, 2015 WL 858390 at * 4 (S.D. Ga. Feb. 27, 2015) ("Petitioner's loss of legal materials does constitute extraordinary circumstances."); *Hunter v. Sec'y, Fla. Dept. of Corr.*, 2015 WL 248754 at * 3 (M.D. Fla. Jan. 20, 2015).

Accordingly, the Court should **GRANT** the State's motion to dismiss (doc. 8) and thus **DISMISS WITH PREJUDICE** Robert Lee Jones' 28 U.S.C. § 2254 petition. Doc. 1. In that regard, he is not entitled to an evidentiary hearing (he presents no material fact issue; in fact his claims are meritless) or assistance of counsel,[4] so those motions (doc. 12) are **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1).

---

Jones has not done that here, and he is warned that lying under oath, either live or "on paper," is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

[4] The Rules Governing § 2254 Cases provide that appointment of counsel is proper if an evidentiary hearing is needed or if certain discovery is required, provided that petitioner qualifies under 18 U.S.C. § 3006A(g). Rules 6(a), 8(c). Neither an evidentiary hearing nor discovery is required here, and Jones has demonstrated his ability to file appropriate pleadings seeking § 2254 relief.

And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 29th day of May, 2015.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA